# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### EAST SAINT LOUIS DIVISION

| | | |
|---|---|---|
| **Calley Mize,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-01970 |
| | ) | |
| v. | ) | |
| | ) | |
| **Sivia Business & Legal Services, PC,** | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Calley Mize ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Sivia Business & Legal Services, PC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's religious based discrimination against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of religion and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resides in Macoupin County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Sivia Business & Legal Services, PC, doing business in and for Madison County whose address is 217 S. Main Street, Edwardsville, IL 62025.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. The Defendant hired Plaintiff, Calley Mize, at Sivia Business & Legal Services, PC as an attorney on or around June 15, 2021.

12. Plaintiff worked at Defendant's Edwardsville, IL location, as well as their East Alton, IL location.

13. Plaintiff is a member of a protected class because of her religion, or lack of religion, whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. The Defendant subjected the Plaintiff to discrimination and harassment because of religion.

15. The discrimination was severe and pervasive and occurred on a daily basis.

16. The Plaintiff had to endure humiliating comments that made the work environment hostile and unbearable due to the harassment because of the Defendant proselytizing.

17. The harassment endured by the Plaintiff was a material change in terms and conditions of employment, namely being harassed and humiliated.

18. The pervasive discrimination resulted in termination, which is an adverse employment action.

19. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

20. The Plaintiff has been an attorney for several years and was qualified to perform the functions of the job, namely practicing law.

21. Throughout the Plaintiff's employment, the Defendant subjected the Plaintiff to overbearing religious (Christian) rhetoric and proselytizing by the firm owner, Todd Sivia.

22. Todd is openly religious at the workplace.

23. All of the Defendant's team meetings started with prayer and at least one firm-wide meeting was held in a church.

24. The Defendant made the Plaintiff feel extremely uncomfortable throughout her employment.

25. On or around November 7, 2022, the firm's Accountant, Anthony Grecco, sent out a firm wide email with subject "Bible Verse of the Week".

26. The email contained an unsolicited Bible verse.

27. The Plaintiff loved the work and was excelling at it, however, the constant overbearing and religious harassment was overwhelming.

28. The Plaintiff emailed COO, Jill O'Connell that Grecco's email made the Plaintiff feel uncomfortable and that the religious teachings and pressure of not being religious should not be a part of her employment as an attorney.

29. COO, Jill O'Connell responded that she agreed that the email was inappropriate.

30. The Plaintiff was requesting to be excluded from the religious rhetoric and proselytizing.

31. On November 14, 2022 COO, Jill O'Connell requested an in-person meeting with the Plaintiff.

32. During the meeting, the Defendant terminated the Plaintiff by stating, "We need to terminate the relationship, there is conflict with Todd".

33. The Defendant terminated the Plaintiff because of religion and in retaliation for asking to be excluded from the religious rhetoric and proselytizing.

34. The Defendant terminated the Plaintiff because of religion and engaging in protected activity, violating Title VII Civil Rights Act of 1964, as amended.

## COUNT I
### Religious-Based Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on religion, in violation of Title VII.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

38. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

39. Due to Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT II
### Religious-Based Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff because of religion in violation of Title VII.

42. Defendant knew or should have known of the religious harassment.

43. The religious harassment was severe or pervasive.

44. The religious harassment was offensive subjectively and objectively.

45. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's lack of

religious beliefs or practices.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.***

47. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

48. Plaintiff is a member of a protected class under Title VII.

49. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful religious harassment and religious-based discrimination, which created a sufficiently severe or pervasive work condition in violation of Title VII.

50. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

51. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of religious harassment and religious discrimination.

52. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

53. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the religious-based discrimination by terminating the Plaintiff.

54. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

55. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## DEMAND FOR JURY TRIAL

56. Plaintiff hereby requests that all issues be submitted to and determined by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Liquidated damages;

    h. Punitive damages;

    i. Reasonable attorney's fees and costs; and

    j. For any other relief this Court may deem just and equitable.

Dated this 9th day of June, 2023.

    */s/Franklin Jara, Esq.*
    **Franklin Jara, Esq.**
    **Nathan C. Volheim, Esq.**
    Sulaiman Law Group, Ltd.
    2500 South Highland Avenue, Suite 200
    Lombard, Illinois 60148
    (331) 272-8010
    fjara@sulaimanlaw.com
    nvolheim@sulaimanlaw.com
    *Counsel for Plaintiff*