# Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

**Name** *(indicate Mr., Ms., Mrs., Mx.)*: Ms. Calley Mize
**Home Phone** *(Incl. Area Code)*:
**Date of Birth**:

**Street Address** | **City, State and ZIP Code** | **Email Address**

**Street Address**: c/o Nathan C. Volheim, Sulaiman Law Group, 2500 S. Highland Ave., #200, Lombard, IL 60148 (employment@sulaimanlaw.com)

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name**: Sivia Business & Legal Services, PC
**No. Employees, Members**: 15+
**Phone No.** *(Include Area Code)*: (618) 659 4499
**Street Address**: 217 S. Main Street
**City, State and ZIP Code**: Edwardsville, IL 62025
**Email Address**: joconnell@sivialaw.com

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*
☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify below.)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 06/15/2022
Latest: 11/14/2022
☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I, Calley R. Mize, began working at Sivia Business & Legal Services, PC as an attorney on or around June 15, 2021. I worked at the Edwardsville, IL location, as well as the East Alton, IL Location.

Throughout my employment I was subjected to overbearing religious (Christian) rhetoric and proselytizing by the firm owner, Todd Sivia. Todd is openly religious at the workplace. Notably, all team meetings were opened with prayer and at least one firm-wide meeting was held in a church. This made me feel uncomfortable throughout my employment.

On or around November 7, 2022 the firm's Accountant, Anthony Grecco, sent out a firm wide email with subject "Bible Verse of the Week" Accordingly, the email contained a Bible verse. By this time I felt so uncomfortable at work I had been contemplating quitting even though I loved the work. So I decided to email COO, Jill O'Connell that the email made me feel uncomfortable and the religious teachings and pressure of not being religious should not be a part of my employment as an attorney. COO, Jill O'Connell responded that she agreed the email was inappropriate. Effectively, I was asking to be excluded from the religious rhetoric and proselytizing.

On November 14, 2022 COO, Jill O'Connell requested an in-person meeting with me. In the meeting I was terminated "we need to terminate the relationship, there is conflict with Todd". Accordingly, I was terminated on the basis of religion and in retaliation for asking to be excluded from the religious rhetoric and proselytizing.

Thus, the employer terminated on the basis of religion and engaging in protected activity, violating Title VII Civil Rights Act of 1964, as amended and (775ILCS 5/) Illinois Human Rights Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

**Date**: 11 / 21 / 2022
**Charging Party Signature**: *[signed] Calley*

Doc ID: fb90711a721b42b2b57114bf771e584416230c34

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA, or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.